SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES L HENRY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2417 |
| | § | |
| PARKWEST STAFFING SERVICES, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Pending before the Court are the defendant's, EFTM, INC. d/b/a Parkwest Staffing Services ("Parkwest"), motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 11 and 12).[1] The plaintiffs, James L. Henry, Sr. and Homer Randle, III, filed a response (Docket Entry No. 23). After having carefully reviewed the motions, the response, the record and the applicable law, the Court grants both of Parkwest's motions.

### II.    Factual Background

The plaintiffs were hired by Parkwest, a staffing company. CorpCar Services Houston, Ltd. d/b/a Carey of Houston ("CorpCar"), a chauffeur service, hired drivers from the pool of people that had signed up with Parkwest, including the African American plaintiffs. Henry worked at CorpCar as a limousine driver and supervisor, and Randle worked there as a limousine driver. On June 18, 2009, a white female was hired to dance in a gorilla costume during an employee training program. The plaintiffs felt that she was hired to mock Juneteenth, a celebration to commemorate the end of slavery in the United States.

---

[1] Parkwest filed two motions to dismiss, one against each plaintiff. In each motion Parkwest addresses a different issue for dismissal. CorpCar Services Houston, Ltd. is also a defendant, but it is not a movant in these motions.

On July 13, 2009, Randle was terminated by Andy Van, CorpCar's Dispatch Manager, in the presence of Stan Alcott, CorpCar's Assistant General Manager.  On July 24, 2009, Randle filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against both defendants for racial discrimination.  On May 13, 2010, Randle amended his original charge to include claims of retaliation and hostile work environment against both defendants.  Meanwhile, on August 7, 2009, Henry filed an EEOC charge only against CorpCar, citing racial discrimination and retaliation.

On February 18, 2011, the EEOC issued a letter to the plaintiffs and copied CorpCar's representative, determining that racially offensive incidents had occurred and that the plaintiffs were retaliated against for reporting the incidents.  Parkwest did not receive notice of the letter.  On June 24, 2011, the EEOC issued the plaintiffs Notices of Right to Sue.  The Court has jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1331.

### III.   Contentions of the Parties

#### A.   Parkwest's Contentions

As to Henry, Parkwest asserts that it never received notice of his discrimination charge or his Notice of Right to Sue.  Parkwest avers that Henry's Notice of Right to Sue does not contain any reference of service upon it or its representative.  As to Randle, Parkwest contends that his retaliation and hostile work environment claims were untimely filed.

#### B.   The Plaintiffs' Contentions

The plaintiffs contend that they were subjected to a hostile work environment and racial discrimination at a staff meeting.  Following their complaints to Alcott, the plaintiffs aver that they were retaliated against.  Randle alleges he received performance scrutiny and was

terminated. Henry alleges that he received a reduction in his number of routes, that his shifts were reduced, and that his work hours and pay were changed.

Both plaintiffs contend that defendants are a single employer.[2] The plaintiffs assert that all charges were handled by the same investigator and that the defendants jointly participated in the investigation. The plaintiffs argue that Parkwest was aware of their allegations in 2009 and received notice of their retaliation charges upon the filing of Randle's amended EEOC charge. Randle contends that, although not included initially, his retaliation and hostile work environment claims in his amended complaint could reasonably be expected to grow out of his initial discrimination charge. Therefore, he believes that those claims fall within the scope of the EEOC's initial investigation and should have been investigated with his original charge.

### IV. Standard of Review

A defendant may to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v.*

---

[2] Randle contends that although he filed charges against both defendants, the EEOC separated his original and amended charges for unknown reasons and without notice.

*Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'-- 'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See Twombly* at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

V. **Analysis and Discussion**[3]

The Court grants Parkwest's motion to dismiss against both plaintiffs and holds that: (1) the defendants are not a single employer and the plaintiffs must exhaust their administrative

---

[3] The Court can and does take judicial notice of the EEOC documents when ruling on the pending 12(b)(6) motions without converting them into motions for summary judgment. *See Cinel v. Connick*, 15 F.3d 1338, 1346 n.6 (5th Cir. 1994).

remedies against each defendant before filing suit; (2) Henry failed to exhaust his administrative remedies against Parkwest; and (3) Randle failed to timely file his EEOC retaliation and hostile work environment charges.

### A. Single Employer Doctrine

The Court dismisses the plaintiffs' claims against Parkwest because the Court determines that Parkwest is not the plaintiffs' employer and that the single employer doctrine does not apply. The Fifth Circuit uses a "single employer" test to decide when two private parties should be viewed as one employer under Title VII for the purpose of exhausting all administrative remedies with the EEOC. *Trevino v. Celanese Corp.*, 701 F.2d 397, 403-04 (5th Cir. 1983); *Matthews v. Int'l House of Pancakes, Inc.*, 597 F. Supp. 2d 663, 670-71 (E.D. La. 2009). The single employer test considers whether "sufficient indicia of an interrelationship [exist] between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer." *Matthews*, 597 F. Supp. 2d at 671 (internal quotation omitted); *see also Nigro v. St. Tammany Parish Hosp.*, 377 F. Supp. 2d 595, 600 (E.D. La. 2005).

The Court applies a four-factor test to determine whether the parties should be aggregated as one employer: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *See Trevino*, 701 F.2d at 404 (internal citations omitted). The second factor is the most important. *Id.* (internal citations omitted).[4]

---

[4] *See also Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002) (asking "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?") (internal quotations omitted).

Applying the first *Trevino* factor, the only interrelation of operations between defendants is that Parkwest, a staffing service, supplied CorpCar, a chauffeur service, with employees that CorpCar ultimately hired. As to the second factor, although Parkwest assisted CorpCar with staffing, CorpCar made the final decision in its employment matters. Once individuals hired through Parkwest were assigned to CorpCar, CorpCar was in total control of employees training and schedules, and the plaintiffs reported the gorilla incident to a CorpCar employee. Additionally, Randle's termination was handled by Andy Van, a CorpCar dispatch manager. Considering factors three and four, the facts do not indicate that the defendants shared common management, ownership or financial control of each other's companies. Conclusively, the defendants should not be treated as a single employer. Accordingly, the Court dismisses the plaintiffs' claims against Parkwest.

### B.     Henry's Claims against Parkwest

Additionally, the Court dismisses Henry's claims against Parkwest because he did not exhaust his administrative remedies against it. "Employment discrimination plaintiffs must exhaust administrative remedies before pursing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)). Filing with the EEOC is a jurisdictional prerequisite to a Title VII action. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995) (overruled on other grounds).

"The primary purpose of an EEOC charge is to provide notice of the charges to the respondent and to activate the voluntary compliance and conciliation functions of the EEOC." *Ajaz v. Continental Airlines*, 156 F.R.D. 145, 147 (S.D. Tex. 1994) (citing *Terrell v. United*

*States Pipe & Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir. 1981)). Accordingly, "the scope of a Title VII suit extends as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Ajaz*, 156 F.R.D. at 147 (internal citation omitted). "The reasonable limits of the investigation potentially triggered by an EEOC charge define not only the substantive limits of a subsequent Title VII action, but also the parties potentially liable for any violation found." *Ajaz*, 156 F.R.D. at 147 (citing *Terrell*, 644 F.2d at 1123). Furthermore, "only parties previously identified as respondents in charges filed with the EEOC are subject to subsequent liability under Title VII . . . [but] if it was within the foreseeable scope of the EEOC investigation, an unnamed party could be added as a defendant." *Terrell*, 644 F.2d at 1122.

Henry failed to list Parkwest as an employer on his EEOC charge, and he did not mention Parkwest in the text of his charge. Similar to the *Ajaz* court's analysis, Parkwest was not sufficiently implicated in Henry's EEOC charged to have triggered an investigation of its actions by the EEOC. *See Ajaz*, 156 F.R.D. at 147. Henry's charge only mentioned Alcott, a CorpCar employee. Therefore, an EEOC investigation arising out of Henry's charge would not focus on Parkwest. Parkwest was not provided with notice of Henry's claims or given an opportunity to participate in the EEOC's conciliation process. Therefore, the Court concludes that Henry failed to exhaust his administrative remedies against Parkwest, and the Court grants the Parkwest's motion against Henry for this supplementary reason.

### C. Randle's Claims against Parkwest

Besides the fact that Parkwest was not Randle's employer, the Court dismisses Randle's retaliation and hostile work environment claims because he failed to timely file those claims with the EEOC. "[I]n a Title VII lawsuit the Fifth Circuit has limited the trial court's scope of inquiry

to 'those grounds of a Title VII complaint that were raised in the administrative process.'" *McCray v. DPC Indus. Inc.*, 942 F. Supp. 288, 294 (E.D. Tex. 1996) (citing *Anderson v. Lewis Rail Serv. Co.*, 868 F.2d 774, 755 (5th Cir. 1989)). Generally each charge of discrimination is separate and distinct from another. *Lee v. Kroger Co.*, 901 F. Supp. 1218, 1224 (S.D. Tex. 1995).

A retaliation or hostile work environment claim arising prior to the filing of an EEOC charge may only be included if it was a part of the original charge; where the alleged retaliation occurs before the initial EEOC charge is filed, a plaintiff must exhaust his administrative remedies on that claim. *McCray*, 942 F. Supp. at 294-95 (concerning a retaliation claim). In *McCray*, plaintiff did not check the retaliation box or refer to retaliation in the text of the charge, so that court held that he failed to exhaust his administrative remedies regarding retaliation. *Id*. at 294.

Although the EEOC does allow claimants to amend their charges to "cure technical defects or omissions" or "clarify and amplify" the initial allegations, the amendment must "relate[] to or grow[] out of the subject matter of the original charge." *Manning v. Chevron Chem. Co. L.L.C.*, 332 F.3d 874, 878 (5th Cir. 2003) (quoting 29 C.F.R. § 1601.12(b)). As a general rule "amendments that raise a new legal theory do not relate back to an original charge of discrimination." *Manning,* 332 F.3d at 878 (internal quotation omitted).[5] While amendments may be filed before or after the filing deadline, it should not be used to circumvent the deadline and add a new charge.

---

[5]*See also Fairchild v. Forma Scientific, Inc.,* 147 F.3d 567, 575 (7th Cir. 1998) ("[A]n untimely amendment that alleges an entirely new theory of recovery does not relate back to a timely filed original charge.").

Like the *McCray* plaintiff, Randle failed to check the retaliation or hostile work environment box in his original EEOC charge, nor did he mention those claims in the text of that charge. See *McCray*, 942 F. Supp. at 294. Originally, Randle only alleged racial discrimination, and his subsequent retaliation and hostile work environment claims were added untimely. He would have had to file his EEOC charge concerning those extra claims by May 9, 2010, three hundred days after his last day of employment. See 42 U.S.C. § 2000e-5(e)(1). He did not file any amended charge until May 13, 2010. Thus, his claims of retaliation and discrimination are barred for this additional reason.

## VI. Conclusion

Based on the foregoing discussion, the Court GRANTS Parkwest's motions to dismiss against both plaintiffs.

It is so **ORDERED**.

SIGNED at Houston, Texas this 20th day of March, 2012.

_____
Kenneth M. Hoyt
United States District Judge