UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES L HENRY, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> PARKWEST STAFFING SERVICES, INC., *et* § <br> *al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:11-CV-2417 |

## **MEMORANDUM AND ORDER**

Before the Court are the plaintiffs', James L. Henry, Sr. and Homer Randle, III, motions for attorneys' fees and costs incurred in this litigation, and the defendants' [Dkt. Nos. 93 and 94], CorpCar Services Houston, LTD d/b/a Carey of Houston and CorpCar Services of Houston, C.L., LTD, response. The parties have also filed supplemental responses and replies both for and against [Dkt. Nos. 98 and 99] the requested relief. After carefully considering the motions, responses and the applicable law, it is the Court's view that a final judgment should be entered and that reasonable attorneys' fees should be awarded. *See* 42 U.S.C. § 2000e-5(k).

The plaintiff brought this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*. A jury returned a verdict in favor of both plaintiffs and against the defendants finding that: (a) the plaintiffs were subjected to a hostile work environment because of their race; (b) the defendants knew or should have known that the offending conduct was racial harassment; (c) the defendants took an adverse employment action against the plaintiff, James L. Henry, Sr.; and, (d) both plaintiffs should recover damages against the defendants as follows: [Henry, compensatory damages in the amount of $50,600, punitive damages in the amount of $90,000; and Randle, compensatory damages in the amount of $12,500 and punitive damages in the amount of $10,000].

The Court has examined the parties' submissions, the jury's verdict and finds that the defendants' claims that the hours billed are unreasonable, excessive and redundant is unmeritorious as it relates to Henry, but of merit as it relates to Randle. Although, the defense argues that the plaintiffs' counsel should bill a "reasonable hourly rate [*i.e.,*] the prevailing market rate or the rates of others doing like or similar work, they fail to state what that "reasonable rate" might be. Therefore, the Court rejects the defendants' argument, in part, that the plaintiffs' counsel have billed at an unreasonable or "uncustomary" rate. Finally, the defendants challenge the plaintiffs' application for costs, which the Court determines to have merit.

Therefore, the Court adopts the defendants' submission on fees and costs awards for the plaintiff, Henry, awarding an attorney's fees of $54,648.85 and costs of court for the sum of $3,480.50. Concerning Randle, the Court awards an attorney's fee in the amount of $72,950 and cost of court in the amount of $366.24. In making these determinations, the Court has relied upon the *Johnson* factors, the statute, and the experience of the Court in cases of this type. *See Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

Finally, recognizing the damage cap required in cases where a defendant does not employ more than 100 employees, the Court reduces the damage award to Henry to the amount of $50,000. *See* 42 U.S.C. § 1981a(b)(3)(A).

It is so Ordered.

SIGNED on this 8th day of October, 2013.

_____
Kenneth M. Hoyt
United States District Judge